IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL D. MCLACHLAN,**

        Plaintiff,

Hon.
Case No.

v.

**ANN ARBOR CREDIT BUREAU,
COLLECTION DIVISION, INC. dba
ANN ARBOR CREDIT BUREAU, INC.,**

        Defendant.

___

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, **MICHAEL D. MCLACHLAN** ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendant, **ANN ARBOR CREDIT BUREAU, COLLECTION DIVISION, INC. dba ANN ARBOR CREDIT BURUEA, INC.**, ("Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Michigan Collection Practices Act (RCPA), codified at MCL 445.251 et seq.,.

2.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.

2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

3.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

4.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

## II. PARTIES

5.

The Plaintiff, Michael D. McLachlan is a natural person and consumer, a resident of Port Huron, St. Clair County, State of Michigan, and a "consumer" as defined by the FDCPA and RPCA.

6.

The Defendant, Ann Arbor Credit Bureau, Collection Division, Inc. dba Ann Arbor Credit Bureau, Inc. is a debt collector with resident agent offices in Ann Arbor, Washtenaw County, State of Michigan and is engaged in the business of using the mails and telephone to

2

collect consumer debts originally owed to others.

### III. JURISDICTION AND VENUE

7.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### IV. STATUTORY STRUCTURE
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

8.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

9.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

10.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

11.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of

3

interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

12.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## **REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RPCA)**

13.

The Regulation of Michigan Collection Practices Act (RPCA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

14.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

15.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of

another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

16.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

17.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

18.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or

5

transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

19.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

20.

It is a violation of the RCPA to communicate with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau. MCLA 445.252(a)

21.

The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## V. FACTUAL ALLEGATIONS

22.

On March 4, 2015 Plaintiff discovered that Defendant had placed a debt on Plaintiff's credit report stating that Plaintiff owes a debt for $3,905 even though he did not order anything from the Creditor, Dr. George Ash DDS and is not obligated on a dental debt with Dr. Ash. **Please see Exhibit 1**.

23.

Plaintiff contacted Defendant that day and asked why the debt was on his credit report and Defendant representatives claimed Plaintiff ordered dental services from its client, Dr. Ash. Defendant asked for Plaintiff's address as it did not have a way to contact him as the services were ordered by Plaintiff's ex-wife, Michele McLachlan.

24.

Mr. McLachlan explained to Defendant that he has a court order from his divorce from his ex-wife that elective medical services for his children cannot be ordered without his permission which Mr. McLachlan did not give here to Dr. Ash. **Please see attached Exhibit 2**.

25.

After Plaintiff gave the address to Defendant, Ann Arbor Credit sent a letter to Plaintiff on March 11, 2015 for the debt for Plaintiff's son, Christopher McLachlan for Ambulance Transport Charges of $3,905.56.   **Please see attached Exhibit 3**. Plaintiff does not owe and did not order any ambulance transport for his son.

26.

The letter was the first communication Mr. McLachlan had ever received from Defendant as until he contacted them on March 4, 2015, Defendant stated it did not have his address. The Letter at **Exhibit 3** did not have his validation and dispute rights required in the initial dunning letters under 15 U.S.C. 1692g.

27.

Further, the letter has a letterhead from Defendant, *Ann Arbor **Credit Bureau**, Inc.* The emphasis in the name of the Defendant is the bold and dark font "***Credit Bureau***" in the name.

This is no accident that Defendant sends the letter with the words in bold in their name. **Exhibit 3**. This threatens Plaintiff and the least sophisticated consumer that the debt collector is a consumer reporting agency as defined in 15 U.S. Code § 1681a(f). Defendant is not operating as a credit bureau when collecting this debt from Plaintiff.

28.

15 U.S. Code § 1681a(f) defines a consumer reporting agency as: **(f)** The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

29.

Defendant has placed the debt on Plaintiff's credit report stating that Plaintiff owes the debt even though he did not order anything from the Creditor, Dr. George Ash DDS and is not obligated on a debt for his son to Dr. Ash. **Please see Exhibit 1**.

30.

Defendant was advised that the ex-wife violated a court order in ordering elective dental care for their son, Christopher McLachlan. Defendant send the collection letter anyway. **Please see Exhibit 3**.

31.

The Plaintiff has now been sued by Dr. Ash for the debt. **Please see Exhibit 4**.

### VI. CLAIMS FOR RELIEF

8

**Count 1-Fair Debt Collection Practices Act**

32.

Plaintiff realleges the above pleadings.

33.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

   a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the letters above. **Please see Exhibit 3**; and

   b. Defendant collected on the debt and violated 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt with **Exhibit 1 and 3**; and

   c. Defendant has sent an initial dunning letter to Plaintiff without providing the required dispute and validation rights under 15 U.S.C. 1692g at **Exhibit 3**; and

   d. Defendant collected on the debt and violated 15 U.S.C. 1692e(8) by reporting the debt on Plaintiff's credit report as mentioned above and **Exhibit 1**; and

   e. In violation of 15 U.S.C. 1692e(16), Defendant is threatening that it is a Credit Bureau to scare Plaintiff by using dark, bold print to emphasis the words "credit bureau" in its name. **Please see Exhibit 3**; and

   f. Defendant collected on the debt and violated 15 U.S.C. 1692e(2)(A) by falsely misrepresenting the character and legal status of the debt by claiming Mr. McLachlan owes an Ambulance Transport debt he did not agree to or sign for

9

as stated above.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c. Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

34.

Defendant is a regulated person and has have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using the letter as mentioned above; and

b. Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at as mentioned above; and

c. Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor; and

    d. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee such as continuing to contact a represented debtor.

    e. Communicating with Plaintiff in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau. MCLA 445.252(a).

**Wherefore**, Plaintiff seeks judgment against Defendants for:

    a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

    b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RPCA, as well as an injunction, enjoining Defendants from using letters that violate Michigan law; and

    c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

### Count 3-Michigan Occupational Code

35.

Plaintiff realleges the above pleadings.

36.

Defendants have violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a.     Defendants violated M.C.L. 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt using **Exhibit 4** as

mentioned above;

b. Defendants violated M.C.L. 339.915(a) communicating with a debtor in a misleading or deceptive manner using **Exhibit 2** as mentioned above.

c. Defendants violated M.C.L. 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, using **Exhibit 1 and 3** as mentioned above;

d. Defendant has violated MCLA 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee such as continuing to contact a represented debtor.

e. Communicating with Plaintiff in a misleading or deceptive manner, such as using the stationery of an attorney or the stationery of a credit bureau unless it is disclosed that it is the collection department of the credit bureau at **Exhibit 3**.

**Wherefore,** plaintiff seeks judgment against Defendants for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916;

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 339.916, including but not limited to, a declaration that defendant's debt collection practices violated the MOC, as well as an injunction, enjoining Defendants from using **Exhibit 1 and 3** which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 339.916.

## VII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

**LAW OFFICES OF BRIAN P. PARKER, P.C.**

Dated: May 11, 2015

/s/Brian P. Parker
**BRIAN P. PARKER (P48617)**
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 642-6268
brianparker@collectionstopper.com